I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ PLF
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-26-10

_____
DEPUTY CLERK



O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STANLEY EDWARD JAMISON, JR., <br><br> Petitioner, <br><br> v. <br><br> SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Respondent. | Case No. EDCV 10-01067-MMM MLG) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

I.  **Procedural Background**

Stanley Edward Jamison is a federal prisoner currently serving a 236-month sentence.[1] He filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 1651, on July 20, 2010. As best that the Court can determine from the pleadings, Petitioner was most recently serving his federal sentence at the United States Penitentiary - Big Sandy, in Inez, Kentucky. He was transferred to the Central District of California to testify in a grand jury proceeding.[2] Petitioner claims that the grand jury proceedings have concluded, but that he is currently being held in the San Bernardino

---

[1] Plaintiff has served 139 months of the sentence.

[2] Petitioner does not indicate whether he is testifying before a state or federal grand jury.

County Jail. He has filed this petition seeking a transfer from the county jail to the Metropolitan Detention Center in Los Angeles or back to the penitentiary. Plaintiff claims that San Bernardino County law library facilities are inadequate and that he is in danger of missing deadlines in certain unidentified cases he is currently litigating.

Having reviewed the petition, I conclude that Jamison is not entitled to habeas relief under the allegations pled and accordingly, the petition must be DISMISSED. However, leave to amend shall be granted in order to afford Jamison an opportunity to present any other viable claim for relief that he may have.

The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). " A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.' " *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498-99 (1973)); see also *Young v. Kenny*, 907 F.2d 974, 975 n. 1 (9th Cir. 1990). This petition, which involves allegations of denial of access to the Courts and a request for a transfer to a different institution clearly implicate the conditions of confinement. Accordingly, Jamison is not entitled to habeas corpus relief even if his allegations are true. Should he wish to proceed with a lawsuit relating to these claims, he must seek injunctive relief or monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983, rather than habeas relief under section 2241.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, when a pro se litigant labels a complaint seeking relief from prison conditions as a habeas corpus petition, a court should treat it as a civil rights action. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974); *Galligher v. McCarthy*, 470 F.2d 740, 741 (9th Cir. 1972).

Notwithstanding the court's ability to treat this matter as a civil rights action, the complaint is deficient on its face. First, to the extent that Plaintiff claims a constitutional violation arising from his placement in the San Bernardino County Jail, he has failed to state a claim upon which relief may be granted. It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution or housing unit or to be transferred from one facility to another. See *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Plaintiff's request for money damages or an injunction directing his transfer to a federal facility has no statutory or constitutional basis. *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004), *rev'd on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

Jamison also complains generally that there is no law library at San Bernardino and therefore he is being denied access to the Courts. "[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is only violated if the prisoner has suffered "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an official action that

hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim, *id.* at 353 & 353 n.3. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(citing *Lewis*); *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007)(citing *Lewis*). In other words, the prisoner must demonstrate that his legal position has been somehow prejudiced in that a claim has been lost. *See, e.g., Damm v. Cooper*, – F.3d –, 2008 WL 2705651, at *1 (5th Cir. 2008). A plaintiff must show that he was actually "shut out" of court in order to state a denial of access cause of action. *Christopher*, 536 U.S. at 415; *Phillips*, 477 F.3d at 1076.

Plaintiff has failed to allege an actual injury as required by *Lewis*. He simply has made vague references to some deadline in an identified case pending in an unidentified court. Plaintiff has therefore failed to state a constitutional claim for denial of the right of access to the courts.

IT IS THEREFORE ORDERED as follows:

a.  The petition is dismissed without prejudice for the reasons stated above.

b.  Jamison has until **August 20, 2010**, to file a first amended complaint, that remedies the defects identified in this memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[3] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint." Jamison is advised that an amended complaint is a document stating one or more causes of action against

---

[3] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

one or more defendants. Local Rule 15-2. Pursuant to Fed.R.Civ.P. 8, Jamison should make a short and plain statement of the facts underlying his claims and the nature of the relief he seeks.

c. In reviewing the court file, it appears that Jamison has neither paid the $350.00 fee for filing a civil action nor complied with the requirements of 28 U.S.C. § 1915(b), in that he has not filed the documents required for proceeding without pre-payment of fees. Along with the first amended complaint, Jamison must submit the filing fee or an application to proceed without prepayment of costs supported by adequate documentation. The court shall then conduct the initial screening of the complaint as required by 28 U.S.C.§ 1915(e)(2) or § 1915A.

d. If Jamison fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against Defendants, the action will be subject to being dismissed with prejudice for failure to diligently prosecute or for failure to state a claim, or both.

e. The Court's deputy clerk shall serve on Jamison a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Jamison chooses to continue prosecuting this action, he must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach a single additional page to detail his allegations, if necessary.

///
///

f. Upon receipt of a legally sufficient complaint, the court will enter an order directing service upon the appropriately named defendants.

Dated: July 26, 2010

Marc L. Goldman
United States Magistrate Judge